# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
|---|---|
| v. | : |
|  | : NO. 17-486 |
| ISIAH JORDAN | : |

**KEARNEY, J.**  **July 27, 2018**

## MEMORANDUM

Isiah Jordan pleaded guilty to unlawfully possessing a firearm as a felon. Under the Sentencing Guidelines and with the parties agreeing to a criminal history category III, we would begin the Guidelines calculations with a base offense level of 14 resulting in a suggested guidelines range of 21-27 months of incarceration. But Mr. Jordan's criminal history includes a conviction for second-degree sexual assault under 18 Pa. C.S. § 3124.1. We today address what appears to be a novel question in this Court: whether a second-degree sexual assault conviction under § 3124.1 is a "crime of violence" under the Sentencing Guidelines. If so, we begin the Guidelines calculation with a base offense level of 20 resulting in a suggested guidelines range of 41-51 months of incarceration. Mr. Jordan argues his second-degree sexual assault conviction requiring non-consensual penetration under § 3124.1 is not a "crime of violence" warranting an enhanced Guideline range as a matter of law. We disagree and overrule his objection to the enhanced Guidelines calculation in the accompanying Order.

# I.

We apply the categorical approach required by the Supreme Court in deciding whether an earlier conviction is a "crime of violence" under § 4B1.2 of the Sentencing Guidelines.[1] In determining "whether a defendant's prior federal or state conviction qualifies as a predicate offense, sentencing courts must apply the categorical approach and 'look only to the statutory definitions'—*i.e.* the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'"[2] We "look at the elements of the prior offense 'to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute.'"[3] "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon nothing more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense."[4] Examining the least of the acts criminalized is not "legal imagination" but "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct falling outside the generic definition."[5]

Congress defines a "crime of violence" as a offense punishable by more than one year imprisonment and either "has as an element the use, attempted use, or threatened use of physical force against the person" or is "murder, voluntary manslaughter, kidnapping, aggravated assault, *a forcible sex offense*, robbery, arson, extortion, or the use or unlawful possession of a firearm … or explosive material…"[6] The first clause is referred to the "force clause" and the second is the "enumerated clause."[7]

Under Pennsylvania law, "a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent."[8] Mr. Jordan argues his second degree sexual assault conviction is

not a "crime of violence" under the "force clause" because use (or attempted use) of physical force is not an element and similarly, his conviction is not a "forcible sex offense" because the statute does not require force, just non-consensual sex. An earlier conviction can meet the definition of a crime of violence if the offense satisfies either the force clause or the enumerated clause.[9]

We find a second degree sexual assault conviction under Pennsylvania law satisfies the enumerated clause and, on the more difficult question, the conviction alternatively satisfies the "force clause." Under either clause, we overrule Mr. Jordan's objection and apply the enhancement for a crime of violence under the Sentencing Guidelines.

### A.     Mr. Jordan's conviction under 18 Pa. C.S. § 3124.1 is a crime of violence under the enumerated clause.

Mr. Jordan's conviction is a crime of violence under the enumerated clause of § 4B1.2. A conviction under § 3124.1 provides sexual intercourse occurring "without the complainant's consent" qualifies as a crime of violence because "forcible sex offense" including convictions "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced."

Mr. Jordan argues his second-degree sexual assault conviction does not qualify as a "crime of violence" because (1) the Sentencing Commission's Guidelines impermissibly extend the definition of "forcible sex offense" to sex offenses without force by including convictions where consent is lacking or legally invalid and his conviction does not have use of force as an element; and, (2) a conviction under § 3124.1 is not limited to situations "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced" but could also include situations where "consent is present and obtained through trickery or deceit."[10]

3

Mr. Jordan's conviction is a crime of violence because it meets the definition of forcible sex offense under the enumerated clause of § 4B1.2. The Sentencing Commission amended the definition of "forcible sex offense" in 2016 to include convictions "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced."[11] "We 'keep in mind that [G]uidelines commentary, interpreting or explaining the application of a guideline, is binding on us when we are applying that guideline because we are obligated to adhere to the Commission's definition.'"[12]

Mr. Jordan acknowledges the Commission's note "arguably" applies but he argues it contradicts "forcible sex offense" by including offenses with non-consensual conduct but no force.[13] The Supreme Court directs us to "adhere" to the Sentencing Commission's interpretation of "forcible sex offense" to include sexual contact without the complainant's consent.[14] The Court of Appeals for the Tenth Circuit recently addressed the Sentencing Commission's amended definition of "forcible sex offense." The court of appeals found the Commission's amended definition includes "offenses with an element that consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced" to reflect its "determination that certain forcible sex offenses which do not expressly include as an element the use, attempted use, or threatened use of physical force against the person of another nevertheless constitute 'crimes of violence' under § 4B1.2...."[15] The court of appeals concluded "[t]he Commission's explanation makes clear that the definition of 'forcible sex offense' was provided to caution against interpreting 'force' to exclude offenses in which consent could not be legally given, but physical force was not used, rather than barring application of the categorical approach."[16]

4

Mr. Jordan also argues a second degree sexual assault conviction under § 3124.1 "sweeps more broadly" than the definition of "forcible sex offense" because is not limited to convictions "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced" but could also include situations where "consent is present and obtained through trickery or deceit."[17]

Mr. Jordan's argument a conviction under § 3124.1 could somehow include situations where there is consent is undermined by the Pennsylvania statute which requires the act occur *"without the complainant's consent."*[18] Mr. Jordan never explains how a defendant could be convicted under § 3124.1 for having sexual intercourse *"without the complainant's consent"* where in fact it the complainant's "consent to the sexual conduct was voluntary."[19] It is impossible. For a jury to convict Mr. Jordan of violating § 3124.1, the jury must find beyond a reasonable doubt Mr. Jordan engaged in sexual intercourse "without consent."[20]

We are reminded of the Supreme Court's caution the categorical approach is not our opportunity to indulge in "legal imagination" but we need to identify "a realistic probability, not a theoretical possibility."[21] Mr. Jordan does not cite a single conviction or case discussing even the possibility of a defendant being convicted under § 3124.1 where the jury found the claimant voluntary consented to the sexual activity yet somehow the defendant is convicted for having the same sexual activity without the claimant's consent.

Mr. Jordan's conviction under § 3124.1 is a crime of violence under the enumerated clause of § 4B1.2 warranting the enhancement of the base offense level.

### B. Mr. Jordan's conviction under 18 Pa. C.S. § 3124.1 is a crime of violence under the force clause.

While Mr. Jordan's conviction is a crime of violence under the enumerated clause, we also evaluate, albeit alternatively, whether Mr. Jordan's conviction of sexual assault is also a crime of violence under the force clause. While we are aware of one case in another circuit holding convictions under similar (but not identical) sexual assault statutes do not meet the defined crime of violence, we are guided by our court of appeals' view as to violence in other contexts and cannot, as a judge applying the categorical approach, opine Mr. Jordan's conviction for non-consensual sexual assault is not a crime of violence. It is, by definition, an assault upon the most private of our body parts and given its defined non-consensual penetration beyond mere touching of another's private areas, this crime is every bit as "violent" as threats to harm another found by our court of appeals to be a crime of violence warranting an enhanced Guideline range.

To convict under § 3124.1, Pennsylvania requires the defendant "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent."[22] Pennsylvania defines "sexual intercourse [i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required" and "deviate sexual intercourse" as "[s]exual intercourse per os or per anus between human beings …. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures."[23] Under Pennsylvania law, sexual assault is much more than mere touching. The key to a §3124.1 conviction is penetration without consent. Our question is whether penetration of an unwilling person's most private body parts is a crime of violence under the force clause.

6

Mr. Jordan argues a "plain reading" of § 3124.1 has "no element of physical force" to be a crime of violence under the force clause of § 4B1.2. The United States argues physical force is an element because Pennsylvania's requirement of sexual (deviate sexual) intercourse requires "penetration, however slight." Pennsylvania does not require physical force in addition to penetration to convict under § 3124.1. In *Commonwealth v. Pasley*, the Pennsylvania Superior Court found Pennsylvania enacted § 3124.1 "intend[ing] to fill the loophole left by the rape and involuntary deviate sexual intercourse statutes by criminalizing non-consensual sex where the perpetrator employs little if no force."[24]

The meaning of "physical force ... is a question of federal law, not state law. And in answering that question we are not bound by a state court's interpretation of a similar—or even identical—state statute."[25] The question, then, is whether the physical force exerted by the defendant to penetrate another's vagina, anus, or mouth alone meets the "force" clause requiring an "element the use, attempted use, or threatened use of physical force against the person" under the Sentencing Guidelines. The mere brushing or touching of another's private parts does not facially appear to constitute sexual assault under this statute. Pennsylvania requires non-consensual penetration inside another's body.

As such, we are not reviewing the "merest unwanted touching." In *Johnson v. United States*, while addressing the meaning of "physical force" the Supreme Court reviewed whether a conviction for battery under Florida law which criminalized "intentional physical contact 'no matter how slight'" is a felony which has "as an element the use, attempted use, or threatened use of physical force against the person of another" under the Armed Career Criminal Act.[26] The Supreme Court held "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to

7

another person."²⁷ The court continued "the term 'physical force' itself normally connotes force strong enough to constitute 'power'—and all the more so when it is contained in the definition of 'violent felony.'"²⁸ The Supreme Court concluded the Florida statute did not have an element of physical force because "a merest unwanted touching" is not force "capable of physical pain or injury to another person."²⁹

Several years before *Johnson*, our court of appeals briefly addressed "physical force" in the context of nonconsensual sex. In *Remoi*, our court of appeals addressed a New Jersey conviction for sexually penetrating a "physically helpless, mentally or mentally incapacitated" victim.³⁰ The court determined whether the defendant's conviction is a crime of violence under the Sentencing Guidelines.³¹ Our court of appeals proceeded to the enumerated clause analysis because the force clause "path is not applicable" as the United States conceded the "literal language" of the conviction did not require an element of physical force.³² In a footnote, however, our court of appeals acknowledged another circuit court "suggest[ed] nonconsensual sexual contact involves substantial risk of the application of physical force."³³

Unlike earlier cases, the United States does not today concede the force clause is inapplicable to non-consensual penetration of another's vagina, anus or mouth. Today, the United States argues Mr. Jordan's sexual assault conviction includes an element of force. Since *Johnson*, our court of appeals twice addressed the nature of "physical force" required for a crime of violence. Although neither case involved sex offenses, both assist our analysis.

In *United States v. Chapman*, a defendant challenged whether his conviction for knowingly mailing a communication threatening to injure a federal judge and staff is a "crime of violence."³⁴ The defendant argued his conviction did not meet the force clause because it "does not require 'violent physical force,' and therefore it does not 'have as an element the use,

8

attempted use, or threaten[ed] use of force.'"[35] Our court of appeals addressed the Supreme Court's definition of physical force as "force capable of causing physical pain or injury to another person" and derived from another Supreme Court decision, *United States v. Castleman*, the principle "the use of physical force does not require that the person employing force *directly* apply harm to—*i.e.* strike—the victim."[36]

The court of appeals rejected the defendant's argument "the threatened use of physical force requires striking a person; thus, indirect applications of harm fall outside of the [Sentencing] Guidelines' ambit" for two reasons.[37] Our court of appeals, first, relying on *Castleman*, held the defendant does not have to apply physical force directly to the body of the victim to satisfy the force clause.[38] The court then held the defendant "mistakenly assumes that there is a minimum quantum of force necessary to satisfy *Johnson*'s definition of 'physical force.'" Our court of appeals, however, clarified the Supreme Court's holding in *Johnson* is only the "'slightest offensive touching' does not qualify as 'physical force'" and [the court] can be sure that a threat to harm or to wound the body of another is not akin to a threat to touch offensively."[39] How could we not find the non-consensual penetration of another's vagina, anus or mouth is not equal to a written threat to harm or wound the body of another?

In *United States v. Wilson,* the defendant challenged whether his conviction for robbery by intimidation is a "crime of violence" under the force clause.[40] Our court of appeals called this question "strange because to ask the question would seem to answer it—of course the threat of violence is inherent in bank robbery."[41] It then held "if it were somehow in doubt before", a conviction where an unarmed defendant robs a bank by intimidation (*i.e.* passing a note to the teller) is a "crime of violence" because intimidation has an "element of force" both in "common sense understanding" and under its own precedent.[42]

Mr. Jordan's conviction involves physically penetrating the most intimate parts of another person's body without the person's consent. As in our court of appeals' analysis of other crimes, it seems just as "strange" to ask if it is a crime of violence "because to ask the question would seem to answer it—of course the threat of violence is inherent" to *non-consensual* sexual assault in common understanding.[43] But based on the bizarre process of the required categorical approach, the legal answer is not so easy. Unlike the convictions in *Wilson* and *Chapman*, where the relevant statute used "intimidation" and "threaten to injure," both words of force, here Mr. Jordan's conviction does not specifically ascribe adjectives of force to his conduct.

We are aware of one court of appeals' holding rape without forcible compulsion is not a crime of violence under the force clause. In *Shell*, the Court of Appeals for the Fourth Circuit studied whether North Carolina's second degree rape conviction is a "crime of violence" under § 4B1.1.[44] North Carolina's second degree rape statute criminalized two offenses: (1) a person engaging in sexual intercourse "[b]y force and against the will of the other person"; or, (2) a person engaging in sexual intercourse with a person "who is mentally disabled, mentally incapacitated, or physically helpless, and the other person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless."[45] The state court record of the defendant's conviction did not make clear which section of second degree rape he violated so the court considered both sections under the categorical approach.[46]

The court of appeals confirmed the United States "skip[ped] past" the force clause to address the enumerated clause in its argument.[47] The court of appeals began with whether the force clause applied and "dispense[d]" with the question "relatively quickly" and held the second section does not satisfy the "force clause" because raping an incapacitated/disabled person can

10

occur "without the threat or use of physical force, and on the legal presumption that the victim is unable to consent."[48] The court of appeals relied on decisions in two other circuits to support its conclusion, *United States v. Wray* from the Court of Appeals for the Tenth Circuit and *United States v. Wynn* from the Court of Appeals for the Sixth Circuit.[49] In *Wray*, however, the court of appeals again observed the United States did not argue the defendant's conviction under Colorado's statutory rape statute met the "force clause" and the court did not analyze the issue in its holding.[50] *Wynn* also lacks persuasive value because it predates the Supreme Court defining physical force in *Johnson*.[51]

While *Shell* and the cases it relies on deal with similarly worded sexual assault statutes, no court considered the argument whether non-consensual penetration constitutes physical force under *Johnson*. We cannot locate, and the parties do not cite, a case in our circuit considering this question since *Johnson*.

Pennsylvania's sexual assault law at issue today specifically focuses on non-consensual penetration of the vagina, anus or mouth. A judge would need to be blind to inter-personal reality to dispute the force of non-consensual penetration of another's vagina, anus or mouth is "violent force—that is, force capable of causing physical pain or injury to another person."[52] Sexual assault as defined by the Pennsylvania General Assembly meets the force clause where the answer to our court of appeals' question whether "the threat of violence is inherent" to penetrating another's body without his or her consent is a resounding "of course."[53]

Under Pennsylvania's statutory definition, we do not need to wriggle away from the categorical approach's sometimes bizarre results.[54] Non-consensual penetration requires more than the merest touching. It is not brushing or touching. This is not a *Johnson* battery/touching analysis. To find otherwise would change the plain meaning of penetration in the Pennsylvania

statute. As a matter of law, we cannot read the statutory language defining sexual assault as requiring penetration and then find penetration is the "merest touching."

## II.

We overrule Mr. Jordan's objection in finding his conviction under 18 Pa.C.S §3124.1 involving the non-consensual penetration of another person's vagina, anus or mouth is a crime of violence warranting the enhancement under the Sentencing Guidelines.

---

[1] *See United States v. Wilson*, 880 F.3d 80, 83-4 (3d Cir. 2018) (citing *United States v. Chapman*, 866 F.3d 129, 133-34 (3d Cir. 2017)) (our court of appeals applied the categorical approach to determine whether a defendant's conviction is a "crime of violence" under § 4B1.2).

[2] *United States v. Dahl*, 833 F.3d 345, 349 (3d Cir. 2016) (quoting *Deschamps v. United States*, 570 U.S. 254, 260 (2013) and *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

[3] *Id.* at 350 (quoting *Hernandez-Cruz v. Att'y Gen.*, 764 F.3d 281, 285 (3d Cir. 2014)).

[4] *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

[5] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[6] U.S.S.G. § 4B1.2 (emphasis added).

[7] *See United States v. Thorn*, 282 F. Supp. 3d 886, 889 (E.D. Pa. 2017) ("either Section 4B.1.2(a)(1) (known as the "force clause") or Section 4B.1.2(a)(2) (known as the "enumerated clause")).

[8] 18 Pa. C.S. § 3124.1.

[9] *See United States v. Parks*, 237 F. Supp. 3d 229, 238 (M.D. Pa. 2017) (quoting *United States v. Graves*, No. 15-158, 2016 WL 5934205, at *3 (M.D. Pa. Oct. 12, 2016) and citing *United States v. Wilson*, 216 F. Supp. 3d 566, 583 (E.D. Pa. 2016)) (finding a defendant's conviction is a crime of violence under both the enumerated clause and the force clause because under the Sentencing Guidelines the conviction can be a crime of violence in one of the "three ways" : the force clause, the enumerated clause, or the residual clause).

¹⁰ ECF Doc. No. 31 at 7.

¹¹ This 2016 amendment resolved a discrepancy in the definition "forcible sex offense" between § 4B1.2 and U.S.S.G. § 2L1.2 which applies to an unlawful reentry into the United States. In November 2008, the Sentencing Commission revised the definition of forcible sex offense under § 2L1.2 to include crimes "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1142-43 (10th Cir. 2011) (quoting § 2L1.2 cmt. n. 1(B)(iii) (2008)). The Sentencing Commission did not add this same language to § 4B1.2 at the same time leading some courts to conclude sex offenses without an "element of force" were crimes of violence under § 2L1.2's enumerated clause but not under § 4B1.2's enumerated clause. *See, e.g., United States v. Shell*, 789 F.3d 335, 345-46 (4th Cir. 2015) (The court notes commentaries of § 2L1.2 and § 4B1.2 "themselves strongly suggest a broader reading of the term 'crime of violence' under the immigration guideline ... than under the career offender guideline before us today" and the court did not disturb its previous holding "offenses presuming the inability to consent qualify as forcible sex offense under § 2L1.2's commentary" however, the court "reach[ed] a different result under § 4B1.2" based on the differing commentary.).

¹² *United States v. Nagle*, 803 F.3d 167, 179 (3d Cir. 2015) (quoting *Stinson v. United States*, 508 U.S. 36, 43 (1993) and *United States v. Savani*, 733 F.3d 56, 62 (3d Cir. 2013)).

¹³ Even before the Sentencing Commission amended the definition of "forcible sex offense," our court of appeals rejected the argument "forcible sex offense" only applied to crimes with an element of physical force. *See United States v. Remoi*, 404 F.3d 789 (3d Cir. 2005). In *Remoi*, while the court addressed the Sentencing Guidelines for § 2L1.2 not § 4B1.2, its rejected the argument "forcible sex offense" to always mean "physically forcible" would render the mention of forcible sex offense "surplus" to the force clause. *Id.* at 794-95. The Sentencing Commission's 2016 amendment to § 4B1.2 makes it clear "forcible sex offense" includes non-consensual sex.

¹⁴ *Stinson*, 508 U.S. at 43.

¹⁵ *See United States v. Gieswein*, 887 F.3d 1054, 1060 (10th Cir. 2018) (quoting U.S.S.G. app. C., amend. 798, at 131 (2016)) (the court concluded the Sentencing Commission amended forcible sex offense to "include offenses in which consent could not be legally given, but physical force was not used," however, under the categorical approach, the Oklahoma lewd molestation offense did not require the defendant to touch the victim (it criminalized looking at a child's private parts) so the Oklahoma statute "sweeps more broadly" than the federal statute which requires "a sexual act with another" and reaffirmed its holding).

¹⁶ *Id.*

¹⁷ ECF Doc. No. 31 at 7.

¹⁸ § 3124.1 (emphasis added).

[19] ECF Doc. No. 31 at 8.

[20] *See Commonwealth v. Prince*, 719 A.2d 1086, 1091 (Pa. Super. Ct. 1998) (§ 3124.1 "requires the Commonwealth to prove beyond a reasonable doubt that the defendant engaged in sexual intercourse or deviate sexual intercourse with the complainant, *and that the complaint did not consent ... the Commonwealth bears the burden of proving a lack of consent, beyond a reasonable doubt.*").

[21] *Gonzales*, 549 U.S. at 193.

[22] § 3124.1.

[23] 18 Pa. C. § 3101.

[24] 743 A.2d 521, 523-24 n.3 (Pa. Super. Ct. 1999).

[25] *Johnson*, 559 U.S. at 138.

[26] *Id.* at 137; 18 U.S.C. § 924(e)(2)(B)(i).

[27] *Id.* at 140 (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)).

[28] *Id.* at 142.

[29] *Id.* at 140-42.

[30] *Remoi*, 404 F.3d at 793.

[31] *Id.* at 794. The defendant faced sentencing for illegal reentry under § 2L1.2, not § 4B1.2, however, for this purpose it does not matter because both sections had the same language in the force clause, an offense "that has an element the use, attempted use, or threatened use of physical force..."

[32] *Id.*

[33] *Id.* at 794 n.3 (citing *United States v. Rowland*, 357 F.3d 1193, 1197-98 (10th Cir. 2004)).

[34] 866 F.3d at 131-32.

[35] *Id.* at 131.

[36] *Id.* (quoting *Johnson*, 559 U.S. at 137 and citing *United States v. Castleman*, 572 U.S. 157, 134 S.Ct. 1405, 1415 (2014)).

[37] *Id.* at 135.

[38] *Id.* (*Castleman*, 134 S.Ct. at 1415).

[39] *Id.* (quoting *Johnson*, 559 U.S. at 139).

[40] *Wilson*, 880 F.3d at 82.

[41] *Id.* at 83.

[42] *See id.* at 82-5 (internal citations omitted).

[43] *See id.* at 83.

[44] 789 F.3d at 339.

[45] *Id.* at 339 (quoting N.C. Gen. Stat. § 14-27.3 (West 2004)).

[46] *Id.*

[47] *Id.* at 340.

[48] *Id.* (internal citation omitted).

[49] *United States v. Wray*, 776 F.3d 1182 (10th Cir. 2015); *United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009).

[50] *Wray*, 776 F.3d at 1184 n.1.

[51] In *Wynn*, decided before *Johnson*, the Court of Appeals for the Sixth Circuit considered whether Ohio's sexual battery statute is a "crime of violence" where the state court record did not record which of the nine subsections the defendant pleaded guilty to. *Wynn*, 579 F.3d at 572. The court of appeals held "[a]s statutorily defined, sexual battery ... simply does not require the use, attempted use, or threatened use of force. Rather, the crime is complete upon using any coercive means to induce the victim to engage in sexual conduct with the perpetrator."

[52] *Johnson*, 559 U.S. at 140 (internal citations omitted).

[53] *See Wilson*, 880 F.3d at 83.

[54] *See e.g.*, *United States v. McCollum*, 885 F.3d 300, 309 (4th Cir. 2018) (Traxler, J. *concurring*) "The dissent ends with the dramatic lament, 'Heaven help us.' Frankly, I would be satisfied if Congress or the Supreme Court would help us. The law in this area, which Judge Duncan faithfully follows, leads to some seemingly odd results with which I do not think any of us are particularly happy. But until help comes from some higher level in the form of substantive

changes, this decision, in my judgment, is what the law requires."); *United States v. Faust*, 853 F.3d 39, 61 (1st Cir. 2017) (Lynch, J. *concurring*) ("My concern is that use of these tests can lead courts to reach counterintuitive results, and ones which are not what Congress intended.").